JOSE HUMBERTO AGUILAR GALVAN, APPELLANT APPEARING PRO SE, ARNOLD GRAFF, APPEARING FOR APPELEY. All right. Mr. Aguilar, do you wish to reserve any time for, oh, I don't see him. There he is. Do you wish to reserve any time for rebuttal? Do you understand what that is? Ten minutes. How much? Ten minutes. Ten. So you're going to argue for five and then you're going to have ten. Okay. And we'll try, we know that this isn't, you're not a lawyer, so I'll try to be a little more hands-on, emphasis on try. Thank you. Ask my colleagues to do the same when you get to your five-minute point. You may proceed. Well, Your Honor, good morning, first of all. The reason for all of this is my argument is based on paperwork that does not show proof of intensity. These affidavits on Exhibit 1 and 2 that you'll find, some of these paperwork does not have the proper seals to make them authentic. And this has been going on for quite a while now. The reason I'm stepping up to this is because my parents have been dragging a lot of this for a long time and my parents are already up there. So it was time for me to help them. And that's the reason why I'm here, because I'm trying to get this matter situated and taken care of. It's a headache. Parents are not well. I mean, they're sick. And part of all of this is one of the reasons why they've been sick. So I'm hoping that today we can really look at every point of documents and make sure that everything is in order as far as it's supposed to be. But from my understanding, there's documentation here that does not stand up to being valid. I don't know why in the past none of it has been looked at thoroughly. And that's, I mean, just these affidavits are just, I don't know, it's just they're not reliable. And I still don't understand why. Why are my parents or why are we still going through all of this? It's just unfair. And I don't think it's fair that there hasn't been justice as far as this. So I'm hoping to find that today that we can move on and get this over with. Adding to this. These paperwork right here, I mean, they're just notarized, but they're not even in county recorded or anything like that. They don't even have the proper seal signed by county recorders or anything like that. I mean, if you look through all of this, it just doesn't make sense. So I'm going to leave this argument with that. Okay. Thank you. All right. Thank you. All right. Mr. Graff. Thank you, Your Honors. Arnold Graff, appearing for the Appellee PHH Mortgage Corporation. This is an appeal of an order denying a motion for objection to claim in a Chapter 7 case. And also, it would seem, as inclusion with the Notice of Appeal, also an order on a motion for reconsideration. The grounds for the denial of the claim of objection are not mentioned in the appellant's opening brief or in his reply, but they are well taken and well founded. And that, first of all, no proof of claim was ever filed in the case. And secondly, the debtor is not a borrower on the loan and did not have any interest in the property until November of 2021, which is many months after the filing of the Chapter 7, when the borrower, his mother, transferred a minimal interest in the property by grant deed, unauthorized grant deed. So the court found that the objection to claim was improper for multiple reasons. One, being that no proof of claim had been filed. And two, and more importantly, that the relief that they were seeking, the avoidance of a junior deed of trust, was an action that needed to be handled in the adversary complaint. Earlier in the case, the debtor had brought a motion to avoid based on the exemptions of 522F, which was properly denied because this is a consensual deed of trust with the mother and the lender. And then after that, you had this unauthorized transfer and then this motion for claim objection, despite the fact that no proof of claim had been filed. Because no proof of claim would have been filed if it wasn't the borrower, it wasn't his obligation, and he had no interest in the property based on the evidence provided when the case was filed. So for all these reasons, the court certainly did not err when it denied the claim objection because, as I said, it was not the correct forum, it wasn't the correct remedy, and it wasn't based on any loan with the debtor. And then, of course, the motion for reconsideration was also correctly denied because it basically asserted the same arguments, same defenses, and said it should be reconsideration. So there was no new evidence, there was no new factors that couldn't have been raised before, and there were no remedies that were requested that could not have already been requested. So that was also properly denied. So for the purposes of this appeal, as I understand them, although the appellant's brief and reply did not discuss or mention them at all, there are no grounds otherwise. And for that reason, the appellee would respectfully request that the court affirm the bankruptcy court's order denying the claim objection and the motion for reconsideration. All right. Any questions? No. No. All right. Thank you, Mr. Graff. All right. Mr. Aguilar. Yes, Your Honor. As far as the argument, one thing I do know, this property had been paid with private mortgage insurance. So I don't understand how is it that P.H. Target and Mr. Arnold are involved in this, or how are they coming about this? How is it that they're taking charge on this when… Mr. Aguilar, I'm going to suggest that you focus on what's in front of us. You want us to do a lot of things, and we've been patiently listening to your argument. But the arguments that you have made to date have nothing to do with what's in front of us. The question is, why wasn't the judge correct in saying you shouldn't be able to object to a claim that wasn't filed? And number two, why do you have the right to do anything? This isn't your money, and when you filed the bankruptcy, the property wasn't an asset of the estate. So there's a jurisdictional problem here for the judge in entertaining, in this bankruptcy, any of the things that you're talking about. So we can patiently listen to them, but it's not advancing your rights on appeal at all. So I suggest you stick, at least spend some time on the only thing we can really decide, which is whether the judge was correct in denying a claim objection when there was no claim, and whether the judge was correct in finding a lack of ability to decide it because you aren't a borrower, you don't owe them any money, and because you didn't have an interest in the property when you filed bankruptcy, so you, the bankruptcy court, didn't have jurisdiction over that asset. I understand. Well, we didn't, I mean, I didn't find any proof of claim on this property. Plus, like I said, like I mentioned earlier, Your Honor, they wanted to foreclose. My parents are not, they're not too savvy on this as well as me. I'm trying to, you know, be a part of this and understand it as well. So I'm asking, you know, I'm asking for, you know, the court to help me out with this, to check this paperwork, all this information as well. Okay. Thank you. Thank you. All right, anything further? No, Your Honor. Okay, thank you. All right, this will be taken under submission. Thank you very much for your time. Thank you. Thank you, Your Honor.
judges: Taylor, Spraker, Gan